AO 472 (Rev. 05/05) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

NAZEER HAMADNEH
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 08-20445

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☑ (1) There is a serious risk that the defendant will not appear.
- ☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

Defendant is a 39 year old native of Palestine who is charged with witness tampering. He entered the United States via Chicago, Illinois in 1997 and traveled directly to Michigan following processing by Immigration authorities. At the time Defendant was a legal visitor. However, he has overstayed his permitted time, and removal proceedings were initiated on October 16, 2006. Defendant was granted a $10,000 cash bond in the immigration matter which he paid. However, that bond was revoked when he was indicted on these criminal charges. A detainer was then lodged by the United States Marshal Service. (CONTINUED ON PAGE 2)

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| August 27, 2008 | s/ Mona K. Majzoub |
|---|---|
| Date | Signature of Judge |
| | MONA K. MAJZOUB - UNITED STATES MAGISRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Defendant reported that he is married, lives at the bond address with his wife and nephew, and that he was employed up until the time the Indictment was issued. He declined to discuss his former employment. An associate, Mr. Obeid states that documents were seized by federal agents and that since defendant's arrest, all operations have been shut down. Mr. Obeid reported that defendant is a part-owner and board member of American University Center, which he claims is an organization doing business in Southfield, Michigan which he helped found which delivers "international student services". This organization is not registered with mich.gov/dleg (department of labor and economic growth) and shows no registered agent. Copies of paperwork showing a Farmington Road address in Farmington, Michigan, were provided showing Articles of Incorporation filed on October 12, 2000. Documentation was provided which shows that the Michigan Department of Consumer and Industry Services received by facsimile transmission on January 23, 2004 the Articles of Incorporation of American Universities Center, for profit organization, ID # 16585D.

Attempts were made to verify Defendant's employment and other issues with his wife, Linda. Linda advises that she is 25 years old, met the Defendant in August 2007, and was then a resident of Illinois. She married defendant 10 months later in June, 2008, but has never lived in Michigan and has never lived with him and husband and wife. In fact, she relocated to Wisconsin with her mother immediately after the wedding and has lived there continuously since then. She has no specific plans to return to Michigan. She was not in court with the defendant at his arraignment or at his detention hearing. Needless to say, she had no information whatsoever about his employment.

Defendant's mother in law (Linda's mother) submitted an affidavit (improperly captioned for the State of Michigan, County of Wayne) stating that she lives at 8351 Dora Lane, Racine, Wisconsin, 53406 and that "my family has known him for quite some time. He was recently married to my eldest daughter....We have a very close and loving family in this community in which he is a solid citizen....my family and I will assure his presence at all hearings......"
The affidavit misleads the Court into believing that defendant's mother in law resides in this district, (which admittedly does not), that she can attest to defendant being a solid citizen of this community, (which she cannot, as she lives outside this district in Wisconsin, not here), that she will be responsible for defendant's presence at all hearings, (which she cannot, due to the fact that she lives in Wisconsin), and that they have a very close and loving family (which cannot be, as her daughter has never lived with the defendant, and she lives with her daughter). Furthermore, the mother in law could not answer any questions about he defendant's employment during the past year, as she had no knowledge.

Although Defendant has a stable residence history, none of the other factors necessary to assure his presence in court are present. Defendant's employment history is not verifiable, his marriage occurred after the Immigration Removal Proceedings were initiated, his bond has been revoked by immigration authorities and a detainer has been filed with the U. S. Marshal Service. His family ties are suspect, as he has never lived with his wife of 10 months and neither she nor her mother have any information about him, his employment, or other basic issues. His wife was not

present in court during either of his two appearances, the arraignment or the detention hearing. Similarly his mother in law, who attested to their close and loving family, was not present. It appears that neither has ties to Michigan or this District.

It was proffered during the detention hearing that defendant has in the past provided false documents, specifically false undergraduate transcripts. He is accused by indictment of witness tampering. His extended family lives in the West Bank, in Palestine. An Immigration Detainer is lodged against him, and his community ties are not persuasive. This Court is not as concerned about Defendant's propensity to be a danger to the community as it is that Defendant poses a flight risk. The preponderance of the evidence shows that no bond and no condition(s) of bond would adequately assure this defendant's appearance at trial. Therefore, **Detention is Ordered**.